## Simms v. City of Erie et al.

*Gerald J. Weber, Samuel M. Baker* and *Wendell R. Good,* for plaintiff.

*Maurice J. Coughlin* and *Henry R. Jeffs,* for defendants.

LAUB, J., March 23, 1949.—This is a bill in equity to which defendants have filed five preliminary objections. In an opinion filed in this case on February 15,

1949, the third and fifth objections were 'dismissed and it is now necessary to consider the other three.

The allegations of the bill may roughly be divided into two major parts, one dealing with the administration of the affairs of the City of Erie under its 1948 budget and the other dealing with the promulgation of the 1949 budget and the city's proposed operation under it.

Insofar as the former is concerned, the complaint is that without regard to the rules of civil service and in disregard of budgetary limitations, the Council of the City of Erie illegally hired a number of new employes and made general salary increases applicable to all other appointive positions within the municipal structure. It is further alleged that the 1948 budget was ignored in the matter of making short term loans and in the purchase of major equipment not provided for therein, and that a number of illegal transfers of accounts within the budget were consummated. The prayer of the bill in connection with these averments is that we restrain the payment of councilmanic salaries pending the determination of individual liability for the acts complained of; that we restrain the repayment of more than $250,000 worth of loans made to the city in violation of law; and that we surcharge the individual council members for all sums expended by the city in excess of the 1948 budget. There is also the customary prayer for general relief.

The allegations attacking the 1949 budget are that it was illegally constituted and has within its scope provision for the payment of improper items. The bill asks us to restrain the city from paying for items not properly within the current budget; that we declare the 1949 budget to be illegal and void and that we vitiate the city's 1949 income tax levy which is based upon it. We have already, after the taking of testimony, entered a special injunction preliminarily re-

straining the city from paying for more than $100,000 worth of equipment acquired in 1948 with the understanding that it be paid for in 1949.

The first and second preliminary objections complain of the joinder of a number of causes of action in one bill, and particularly the inclusion of personal actions against the individual members of council. The fourth objection alleges that the bill is faulty in that all of the causes cannot be maintained against all of the defendants. In this latter respect the attack is concentrated upon the naming of the city controller and the city treasurer as defendants, but we can see no merit to the objection since the type of injunctive relief sought must necessarily embrace these two officers as defendants. They are the officials through whom payment is made and they must be joined as technical defendants even though they had no part in the creation of the obligations in question.

It is obvious at the outset that the actions against the councilmen individually are not connate to the actions against them officially. That portion of the bill which seeks to surcharge them and to restrain the payment of their salaries is of such a nature as to entitle each to file a separate answer and to enter a separate defense. Such defenses would not necessarily be interdependent and, if joined with all other matters to be considered here, in every probability would create such a complicated web of cross issues as to prevent the convenient administration of justice. Pomeroy (Equity Jurisprudence, vol. 1, p. 480, sec. 251½) limits the right to join issues in one equity suit in this language:

"The equity suit must result in a *simplification or consolidation of the issues;* if after the numerous parties are joined, there still remain separate issues to be tried between each of them and the single de-

fendant or plaintiff, nothing has been gained by the court of equity's assuming jurisdiction."

Furthermore, we have serious doubts that plaintiff is entitled to injunctive relief insofar as the collection of salaries is concerned. Our research has developed no precedent authorizing such procedure and plaintiff has been unable to supply us with any law in point. It would be extraordinary and drastic for a court to restrain the payment of salaries fixed and allowed by law, and in the same breath expect the officials involved to continue in service without recompense. In fact, this court is thoroughly impotent to compel them to do so. The contemplated action would consequently result in municipal paralysis and immeasurable harm to the citizenry.

It is therefore our considered opinion that the course of the present litigation should be confined to the inquiries raised by those averments which attack the official actions of council. Plaintiff may then, if he chooses, initiate separate actions against the councilmen, and these would rise or fall of their own merit.

In order that the pleadings may be held within bounds and that an appropriate answer be filed to the bill, we are requiring an amendment to the bill in accord with the views just expressed.

It is too early for us to determine whether, following the joinder of issue, we should, for purposes of trial, sever the two main divisions of the bill's complaint. Should the proper administration of justice require it, a severance may subsequently be made as provided in rule 36.

And now, to wit, March 23, 1949, the fourth preliminary objection is dismissed, the first and second preliminary objections are sustained and plaintiff is required to amend his bill within 15 days in a manner consistent with this opinion.